Filed 2/4/26  P. v. Trejo CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>OSVALDO GARNICA TREJO,<br><br>      Defendant and Appellant. | A172755<br><br>(Mendocino County<br>Super. Ct. No. 23CR02647) |

Defendant Osvaldo Garnica Trejo appealed from a contested probation violation hearing and his counsel filed a brief identifying no arguable issues and asking us to perform an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Garnica Trejo was advised of the opportunity to file a supplemental brief but did not do so.  Having reviewed the record and finding no arguable issues, we affirm.

## I.  BACKGROUND

In exchange for the suspended execution of a prison sentence and placement on probation, Garnica Trejo pled no contest to robbery (Pen. Code § 211)[1] and to "residential burglary" (§ 459).  A presentence investigation report prepared by the probation department, however, recommended against a grant of probation given Garnica Trejo's criminal history, presumptive

---

[1] All further statutory references are to the Penal Code.

ineligibility for probation, and its assessment that Garnica Trejo was not an adequate candidate for supervision.

In February 2024, the court followed the plea agreement and placed Garnica Trejo on probation. Among other things, the accepted terms and conditions of probation required Garnica Trejo to "totally abstain from possessing and using alcohol," marijuana, or any controlled substance (absent a prescription). Garnica Trejo was required to attend AA and NA meetings as directed by probation, to submit to an evaluation by a substance abuse treatment specialist, and to follow any course of treatment that was recommended. The court further ordered Garnica Trejo to complete residential treatment, the length of which would be determined by the treatment specialist.

In May 2024, the Mendocino County Probation Department filed a petition alleging that Garnica Trejo violated the terms of probation. Specifically, it was alleged that Garnica Trejo committed a new assault, possessed controlled substances, and consumed alcohol on numerous occasions and marijuana on one occasion.

A preliminary hearing was scheduled for Garnica Trejo's new assault case, which also served as the probation violation hearing. Before the hearing began, Garnica Trejo admitted violating probation by consuming alcohol and marijuana in April 2024 and consuming alcohol and testing positive for alcohol in May 2024. During the hearing, a prosecution witness testified he was approached and "maybe nicked" by someone with a 19-inch knife. But the witness could not identify Garnica Trejo as the person who wielded the knife and the court therefore found insufficient evidence that he committed an assault. The case was continued to another date for sentencing on the probation violation hearing.

Garnica Trejo submitted a report prepared by Dr. Veronica Sanchez Varela, a bilingual psychologist.  At the sentencing hearing, his attorney argued that he should be kept on probation and referred to behavioral health court.  The attorney emphasized Garnica Trejo's "odd" behavior during the underlying offenses,[2] the fact that he admitted using marijuana and alcohol in violation of probation, and the psychologist's belief that he suffers from "some kind of schizophrenic spectrum disorder."

The prosecutor disagreed, citing Garnica Trejo's lengthy criminal record, his unwillingness to participate in treatment, and his noncompliance with the current probation terms.  He characterized Garnica Trejo as a public safety risk.  The probation department also recommended execution of the suspended prison sentence based on Garnica Trejo's 22 criminal convictions and history of poor performance on formal probation and mandatory supervision.

The trial court focused on Garnica Trejo's lengthy criminal record "going back 20 years," his current probation performance, and the report prepared by Dr. Sanchez Varela.  The court was concerned about the report's accuracy.  Dr. Sanchez Varela did not identify the basis for her diagnosis and acknowledged it was "only as accurate as Mr. Garnica Trejo is forthcoming and honest in his answers."  Furthermore, the report did not indicate that Dr. Sanchez Varela had administered any testing.  The court stated it did not want to rely on diagnoses formed only in response to information provided by

---

[2] In the underlying offense, Garnica Trejo was alleged to have repeatedly entered the home of a stroke victim without consent (including when the victim was present inside) to take and prepare food.  On one of these occasions, Garnica Trejo aimed a black "handgun" at the victim to take money.  The handgun was later determined to be a BB gun revolver.

Garnica Trejo. Nevertheless, the court allowed that if there were "some valid mental health issues, the Court needs to consider that in determining what the appropriate sentence should be." Accordingly, over the prosecutor's objection, the court did not sentence Garnica Trejo to prison. Instead, he was committed to the Department of Corrections for a diagnostic evaluation pursuant to section 1203.03.[3]

The trial court's commitment order explained that Garnica Trejo had "presented evidence for the first time at judgment and sentencing that he may be suffering from previously undiagnosed mental illnesses, including unspecified schizophrenia and an unspecified depressive disorder that may mitigate his culpability at the time of the offenses in light of recent changes to Penal Code section 1385. The Court believes the proper disposition in this matter requires consideration of the diagnostic and treatment services available at the California Department of Corrections."

In December 2024, the Department of Corrections returned a recommendation that Garnica Trejo be sentenced to prison. As part of its evaluation, Garnica Trejo had received a mental health screening, but "screened negative" and was thus "not included in the prison's mental health services." The trial court concluded that the Department did not believe Garnica Trejo would be "a good candidate to be placed back on probation."

---

[3] Section 1203.03, subdivision (a), allows the court, if it determines that a "just disposition of the case requires [a] diagnosis and treatment services as can be provided at a diagnostic facility of the Department of Corrections, [to] order that defendant be placed temporarily in such facility for a period not to exceed 90 days, with the further provision in such order that the Director of the Department of Corrections report to the court his diagnosis and recommendations concerning the defendant within the 90-day period."

At the continued sentencing hearing, defense counsel indicated there was no legal cause to delay sentencing. Garnica Trejo again asked to be maintained on probation with terms including abstinence from all substances, substance abuse treatment, and individual therapy to address childhood trauma, impulse control, and proactive decision-making, among other things. At that time, he was already on the waitlist for one inpatient program and had "a bed waiting for him" at another. Additionally, Garnica Trejo's counsel commented on the health issues he faced as another reason to continue him on probation.

The trial court revoked probation and executed the previously suspended sentence to the Department of Corrections. For the robbery conviction, the court sentenced Garnica Trejo to the middle term of four years. For the residential burglary conviction, the court imposed a consecutive one year, four-month sentence. Against this aggregate prison sentence of five years, four months, the court credited Garnica Trejo for days he had already served and earned. It reserved direct victim restitution, set restitution fines at the statutory minimum, and imposed the previously stayed probation revocation fee. It also stayed the court security fee and the criminal conviction assessment. Lastly, the court advised Garnica Trejo of his appellate rights.

## II. DISCUSSION

After examining the entire record, we are satisfied that no arguable issues exist, and that Garnica Trejo's attorney has complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

## III. DISPOSITION

The judgment of the trial court is affirmed.

5

_____

SMILEY, J.

WE CONCUR:


_____

HUMES, P. J.


_____

BANKE, J.

*People v. Trejo* / A172755